UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETHEL S. WHITE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:12-CV-4403-G |
| UNITED STATES OF AMERICA, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendants United States of America; Janet Napolitano, Secretary, United States Department of Homeland Security; Alejandro Mayorkas, Director, United States Citizenship and Immigration Services; and Eric H. Holder, United States Attorney General (collectively, "USCIS")[1] (docket

---

[1] Jeh Johnson is now the Secretary of the Department of Homeland Security and should be substituted as defendant in place of Janet Napolitano. Alejandro Mayorkas is now the Deputy Secretary of the Department of Homeland Security. Lori Scialabba is the acting Director of USCIS and should be substituted as Defendant in place of Alejandro Mayorkas. Defendants' Motion for Summary Judgment (docket entry 54) at 1, nn.1-2.

entry 54) and the plaintiffs Shaileshkumar Arvindbhai Shah ("Shah") and Ethel S. White ("White") (docket entry 51) for summary judgment. For the reasons stated below, the defendants' motion is granted and the plaintiffs' motion is denied.

I. BACKGROUND

On May 18, 1990, Shah and Amiben Shailesh Shah ("Amiben Shah "), both citizens of India, married in India. Brief in Support of Defendants' Motion for Summary Judgment ("Motion") at 4 (docket entry 55). They subsequently had two children. *Id*. On November 8, 2000, the Shahs entered the United States on B-2 visas, which authorized a six-month stay to end no later than May 7, 2001. *Id*. They overstayed their visas, and unlawfully have resided in the United States since that date. *Id*. at 4-5. On May 13, 2005, the Shahs divorced. *Id*. at 5.

On August 4, 2005, White, a United States citizen, and Shah married. Plaintiffs' Second Amended Complaint ("Complaint") ¶¶ 1, 9 (docket entry 26); Motion at 5. On November 27, 2005, White filed an I-130 visa petition on behalf of Shah.[2] Complaint ¶ 9. On March 26, 2007, USCIS denied the I-130 visa petition,

---

2   Under 8 U.S.C. § 1154(a), a United States citizen claiming that an alien is entitled to immediate relative status under 8 U.S.C. § 1151(b)(2)(A)(i) may file an I-130 petition with the Attorney General for such classification. Once an I-130 petition is filed, the Attorney General must investigate and, if appropriate, approve the petition if the facts stated in the petition are true and that the alien in behalf of whom the petition is made qualifies as an "immediate relative" as that term is defined by law. 8 U.S.C. § 1154(b). A spouse qualifies as an "immediate relative." *Id*. § 1151(b)(2)(A)(i). If an I-130 visa petition is approved, the alien relative then may apply for permanent resident status and ultimately United States citizenship.

(continued...)

classifying the marriage as a sham. *Id*.; Motion at 5. On April 22, 2008, White filed a second I-130 visa petition. *Id*. ¶ 10. On May 28, 2009, USCIS denied this I-130 petition, again classifying their marriage as a sham. *Id*.; Motion at 7. White and Shah appealed the denial to the Board of Immigration Appeals ("BIA"). *Id*. ¶ 11. On May 23, 2011, the BIA denied the appeal. *Id*. On or about June 19, 2011, White and Shah filed a third I-130 visa petition, and on March 22, 2013, this petition was denied as well. *Id*. ¶¶ 12, 13. White and Shah appealed, and on February 28, 2014, the BIA dismissed their appeal. *Id*. ¶ 15; Appendix in Support of Plaintiffs' Motion for Summary Judgment at 423-25 (docket entry 59-7).

White and Shah seek relief under the Administrative Procedures Act, 5 U.S.C. § 500 *et seq.* ("APA"), and ask that this court "hold unlawful and set aside USCIS's findings underlying its denials as arbitrary, capricious, an abuse of discretion, not in accordance with the law, and unsupported by substantial evidence." Complaint ¶ 16. They also allege that USCIS discriminated against White due to her diagnoses of Crohn's disease and fibromyalgia in violation of Section 504 of the Rehabilitation Act

---

[2](...continued)
Complaint ¶ 9. However, if immigration officials determine that a marriage was not entered into in good faith but, instead, was a sham marriage entered into for the purpose of evading immigration laws, then the visa petition must be denied. 8 U.S.C. § 1154(c).

of 1973 ("Section 504 "), 29 U.S.C. § 794(a). *Id*. ¶¶ 14, 18. Lastly, White and Shah seek declaratory and mandamus relief.[3] *Id*. ¶¶ 17, 19.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and that the moving parties are entitled to judgment as a matter of law. FED. R. CIV. P. 56.[4] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movants make this showing, the nonmovants must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 323-24. To carry this burden, the opponents must do more than simply show some metaphysical doubt as to the

---

[3] White and Shah sought mandamus relief while the third petition was on appeal. Complaint ¶ 19. Because BIA dismissed the appeal on February 28, 2014, the plaintiffs' claim for mandamus relief is denied.

[4] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

material facts.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, they must show that the evidence is sufficient to support a resolution of the factual issue in their favor.  *Anderson*, 477 U.S. at 249.  All of the evidence must be viewed, however, in a light most favorable to the motion's opponents.  *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

### B. APA

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  In particular, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id*. § 706(2)(A); *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000).  The Fifth Circuit has explained that an agency's action is arbitrary and capricious

> "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*Luminant Generation Company, L.L.C. v. United States Environmental Protection Agency*, 675 F.3d 917, 925 (5th Cir. 2012) (quoting *Texas Oil and Gas Association v. Environmental Protection Agency*, 161 F.3d 923, 955 (5th Cir. 1998)).

The scope of review of agency actions under Section 706(2)(A) is "very narrow." *Delta Foundation, Inc. v. United States*, 303 F.3d 551, 563 (5th Cir. 2002) (quoting *Louisiana v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988)). "The court's role is not to weigh the evidence pro and con but to determine whether the agency decision 'was based on a consideration of the relevant factors and whether there was a clear error of judgment.'" *Id*. (quoting *Louisiana*, 853 F.2d at 327). "Thus, if the agency considers the factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary and capricious." *Id.* (quoting *Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1994)). "The 'agency's decision need not be ideal, so long as it is not arbitrary or capricious, and so long as the agency gave at least minimal consideration to relevant facts contained in the record.'" *Id*. (quoting *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Company*, 463 U.S. 29, 43 (1983)). After reviewing the record, the court concludes that USCIS did not act arbitrarily and capriciously in denying the plaintiffs' three I-130 petitions.[5]

---

[5] White and Shah also sought a declaratory judgment that USCIS acted arbitrarily and capriciously when it denied the plaintiffs' three I-130 petitions. Complaint ¶ 17. The Declaratory Judgment Act gives federal courts the power to
(continued...)

C. Section 504

Under Section 504, "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely* by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a) (emphasis added). White failed to prove that she was denied any visa for Shah solely because of her disability. Thus, the plaintiffs' Section 504 claim is denied.

III. CONCLUSION

For the reasons set forth above, USCIS's motion for summary judgment is **GRANTED**, and the motion of Shah and White for summary judgment is **DENIED**. Judgment will be entered for the defendants.

**SO ORDERED.**

February 10, 2015.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

⁵(...continued)
"declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a). Because the court has ruled that USCIS did not act arbitrarily and capriciously in its denial of the plaintiffs' three I-130 petitions, the plaintiffs' claim for declaratory judgment is denied.

- 7 -